**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

DANIEL HUMAN,                          )
                                       )
      Plaintiff,                       )
                                       )
  v.                                   )          No. 4:26-CV-728 HEA
                                       )
RECKITT BENCKISER, LLC,                )
                                       )
      Defendant.                       )

<u>**MEMORANDUM AND ORDER**</u>

This matter is before the Court on Plaintiff Daniel Human's Motion to Remand. (ECF No. 8). Defendant Reckitt Benckiser, LLC opposes the motion, which is fully briefed and ripe for review. For the reasons that follow, Plaintiff's motion to remand will be granted.

## I. *Background*

On April 6, 2026, Plaintiff Daniel Human, who is proceeding in this matter *pro se* without the assistance of counsel, filed this action in the Circuit Court of St. Louis County, Missouri, against Defendant Reckitt Benckiser, LLC ("Reckitt Benckiser"). In his state court Petition, Plaintiff alleges a single count against Reckitt Benckiser under the Missouri Merchandising Practices Act ("MMPA"), Mo. Rev. Stat. §§ 407.010 *et seq.* More, specifically, Plaintiff alleges that he bought a supplement, Neuriva, a product that is marketed for improving memory function.

He further alleges when he purchased Neuriva, he relied on Reckitt Benckiser's claims in its advertisements that the product improves memory. He alleges that he used Neuriva as directed for 30 days and found no improvement in his memory. Plaintiff claims Reckitt Benckiser's conduct constitutes unfair, deceptive, and unconscionable acts or practices in violation of the MMPA.

For damages, Plaintiff seeks the following: (1) actual damages – $29.67, the purchase price of the product, plus "related losses"; (2) $10,000.00 in statutory damages; (3) unspecified punitive damages; (4) attorneys' fees, although he is proceeding *pro se;* and (4) pre- and post-judgment interest. (ECF No. 7 at 7). Plaintiff also seeks "an order requiring Defendant to cease and desist from its unlawful merchandising practices." (*Id.*)

On May 11, 2026, Reckitt Benckiser removed the cause of action to this Court. In its Notice of Removal, Defendant avers this Court has original jurisdiction over the dispute pursuant to 28 U.S.C. § 1332, "because this is a civil action between citizens of different states, in which the amount in controversy exceeds $75,000." (ECF No. 1 at 2). Defendant avers that the amount in controversy is above $75,000 because Plaintiff is seeking actual damages, which at a minimum would be the cost

2

of the product he purchased; statutory damages in the amount of $10,000; and punitive damages.[1]

On May 11, 2026, the same day Reckitt Benckiser filed its Notice of Removal, Plaintiff filed a Motion for Default Judgment in the state court. In his motion, Plaintiff argued that Reckitt Benckiser failed to timely file an Answer or otherwise appear by Saturday, May 9, 2026. Plaintiff asked that the state court enter judgment in his favor and against Reckitt Benckiser in the amount of $29.97, plus statutory damages in the amount of $10,000, plus court costs in the amount of $53.50, for a total judgment of $10,083.47. (ECF No. 12, Ex. 1).

On May 12, 2026, Plaintiff filed a motion to remand, which is the motion presently before the Court. Plaintiff argues that Defendant has not established that the requisite amount in controversy for diversity jurisdiction exists in this case.

On May 23, 2026, after Plaintiff filed his Motion to Remand, Defendant's counsel requested that Plaintiff stipulate that he is only seeking $10,083.47 in damages in this case. (ECF No. 19, Ex. 3 at 2). Plaintiff declined to sign the stipulation.

---

[1]The parties do not dispute that they are diverse. As the Court finds the requisite amount in controversy for diversity jurisdiction has not been met, the Court need not review whether Defendant has properly alleged the citizenships of the parties.

## II.   *Legal Standard*

A civil action brought in state court may be removed to the proper district court if the district court has original jurisdiction of the action. 28 U.S.C. § 1441(a). In general, a defendant may rely on one of two types of federal subject matter jurisdiction to remove a case to federal court: (1) diversity of citizenship under 28 U.S.C. § 1332; and (2) federal question under 28 U.S.C. § 1331.

There is diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between [ ] citizens of different States." 28 U.S.C. § 1332(a)(1). For diversity jurisdiction to exist, there must be complete diversity of citizenship between plaintiffs and defendants. *Buckley v. Control Data Corp.*, 923 F.2d 96, 97, n.6 (8th Cir. 1991). Diversity jurisdiction requires "complete diversity, that is where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 445 (8th Cir. 2010). "In the case of a removed action, diversity [of citizenship] must exist both when the state petition is filed and when the petition for removal is filed." *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 975 (8th Cir. 2011) (quoted case omitted). "It is settled, of course, that absent complete diversity a case is not removable because the district court would lack original jurisdiction." *Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 564 (2005) (cited case omitted).

4

Where complete diversity of citizenship does not exist, 28 U.S.C. § 1447(c) requires a district court to remand the case to state court for lack of subject matter jurisdiction.

The amount in controversy must be proved by a preponderance of the evidence. 28 U.S.C. § 1446(c)(2)(B). When a case is removed, the removing party need not provide evidence of the amount in controversy in its Notice of Removal. *Pudlowski v. The St. Louis Rams, LLC*, 829 F.3d 963, 964 (8th Cir. 2016). A defendant is not required to submit evidence establishing federal-court jurisdiction "unless the plaintiff or the court questions the defendant's claim of jurisdiction." *Id.* The notice of removal, "'need include only a plausible allegation' that the jurisdictional requirements are met." *Id.* (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014)). When a plaintiff challenges that there is diversity jurisdiction, the defendant may show evidence of the amount in controversy by "pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). The Eighth Circuit has recognized "other papers" include "a settlement letter or similar correspondence." *Gibson v. Clean Harbors Env't Servs., Inc.*, 840 F.3d 515, 521 (8th Cir. 2016).

The party seeking removal and opposing remand has the burden of establishing jurisdiction. *Cent. Iowa Power Co-op. v. Midwest Indep. Transmission*

5

*Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009); *City of Univ. City, Missouri v. AT & T Wireless Servs., Inc.*, 229 F. Supp. 2d 927, 929 (E.D. Mo. 2002).

### III.    Discussion

In moving to remand, Plaintiff argues that the amount in controversy at issue in this case does not exceed $75,000.   He argues that his total damages claims are less than $11,000 – $29.97 in actual damages, $10,000.00 in statutory damages, plus court costs in the amount of $53.50, for a total of $10,083.47 – and because the amount-in-controversy requirement is not met, this Court lacks subject matter jurisdiction.

Reckitt Benckiser responds that Plaintiff has put more than $75,000 at issue in this case. Defendant points to the fact that Plaintiff is seeking punitive damages in addition to actual and statutory damages. Defendant also argues that Plaintiff's request for injunctive relief moves the amount in controversy above the threshold required. Finally, Defendant argues that it can establish the requisite amount in controversy because Plaintiff refuses to sign a stipulation limiting his damages.

In his Motion to Remand, Plaintiff does not include punitive damages in his damage calculation, but Plaintiff does seek an unspecified amount of punitive damages in his state court Petition. Punitive damages are included in determining the amount in controversy. *Peterson v. The Travelers Indem. Co.*, 867 F.3d 992, 995

6

(8th Cir. 2017); *Rasmussen v. State Farm Mut. Auto. Ins. Co.*, 410 F.3d 1029, 1031 (8th Cir. 2005). But the fact that Plaintiff has asserted a claim for punitive damages does not relieve Defendant, as the removing party, of its burden to establish the amount of controversy has been met. "A claim for punitive damages is scrutinized more closely than a claim for actual damages when determining the amount in controversy, … 'to ensure that Congress's limits on diversity jurisdiction are properly observed.'" *Chochorowski v. Home Depot USA*, 585 F. Supp. 2d 1085, 1093 (E.D. Mo. 2008) (citing *State of Mo. ex rel. Pemiscot Cnty., Mo. v. W. Sur. Co.*, 51 F.3d 170, 173 (8th Cir. 1995)). *See also Larkin v. Brown*, 41 F.3d 387, 389 (8th Cir. 1994). A conclusory claim for punitive damages does not itself suffice to establish the requisite amount in controversy. *Id. See also State of Mo. ex rel. Pemiscot County, Mo.*, 51 F.3d at 173; *Larkin,* 41 F.3d at 388–89 (requiring "competent proof" of punitive damages). Although "punitive damages are included in the amount in controversy, the existence of the required amount must be supported by competent proof." *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 348 (8th Cir. 2007).

In his Petition, Plaintiff makes a claim for an unspecified amount of punitive damages under the MMPA. Reckitt Benckiser points out that the MMPA does allow a plaintiff to seek punitive damages, Mo. Rev. Stat. § 407.025.1, and it asserts that

if Plaintiff is successful in this case, he could recover up to $500,000 in punitive damages. Defendant provides no evidence to support a punitive damage calculation, but rather, in support of its argument, Defendant cites *Mishra v. Coleman Motors, LLC*, No. 4:16-CV-1553 PLC, 2017 WL 994868, at *5 (E.D. Mo. Mar. 15, 2017) and cases cited therein, where there were awards of punitive damages significantly higher than $75,000.

"Although it is permissible in *some* cases for a removing-defendant to rely on analogous cases to prove punitive damages to satisfy the amount in controversy requirement," Defendant has failed to do so here. *Crawford v. Thyssenkrupp Materials NA, Inc.,* No. 4:21-CV-390 MTS, 2021 WL 4843957, at *3 (E.D. Mo. Oct. 18, 2021) (emphasis in original). *Mishra v. Coleman Motors, LLC,* and the cases cited therein all involved the sale of motor vehicles, and the actual damages in these cases were significantly higher than $29.67. *See Grabinski v. Blue Springs Ford Sales, Inc.*, 203 F.3d 1024, 1025–27 (8th Cir. 2000) (affirming $7,835.00 in actual damages and award of punitive damages against five defendants based on MMPA and common law fraudulent misrepresentation claims arising out of the purchase of a defective vehicle); *Mishra*, 2017 WL 994868, at *1 (finding amount in controversy was met where there were $26,500.00 in alleged actual damages, and the plaintiff requested punitive damages based on an alleged fraudulent sale of a vehicle);

8

*Lewellen v. Franklin*, 441 S.W.3d 136, 139, 145–48 (Mo. 2014) (affirming punitive damage based on fraudulent sale of vehicle totaling $25,000.00 in actual damages); *Est. of Overbey v. Chad Franklin Nat'l Auto Sales N., LLC*, 361 S.W.3d 364, 370 (Mo. 2012) (affirming punitive damages award based on fraudulent car sales scheme where actual damages were $4,500.00); *Peel v. Credit Acceptance Corp.*, 408 S.W.3d 191, 195 (Mo. Ct. App. 2013) (affirming punitive damages where sale of vehicle totaled $11,007.81 and defendant failed to deliver the title); *Heckadon v. CFS Enters., Inc.*, 400 S.W.3d 372, 377 (Mo. Ct. App. 2013) (actual damages totaling $2,144.87). In addition to being higher ticket items, these cases provided more details about the fraudulent conduct at issue, which was egregious.

The cases Defendant cites are not analogous to the case at bar.[2] Defendant fails to cite a case with facts that are similar to the case at hand, where there was a punitive damages award in excess of $64,000. Plaintiff alleges that he bought a bottle of Neuriva for $29.67 and took the supplements as directed for 30 days, but he did

---

[2]These cases are also not analogous to the case at bar, because unlike the plaintiffs in the cases cited, Plaintiff is proceeding in this matter without the assistance of counsel. Consequently, Plaintiff will not be entitled to an award of attorneys' fees. See, e.g. *Enloe v. Smith*, No. 2:22-cv-19 SEP, 2022 WL 1802155, at *5 (E. D. Mo. June 2, 2022) (collecting cases holding that "*pro se* litigants are generally prevented from being awarded [attorneys'] fees.") Attorney's fees are normally included in determining the amount in controversy. *Capitol Indem. Corp. v. Miles*, 978 F.2d 437, 438 (8th Cir. 1992).

not experience improvement to his memory as Defendant had advertised. Plaintiff alleges that there are online reviews that would suggest other consumers have experienced the same results, but Plaintiff's allegations as to Reckitt Benckiser's alleged "willful and malicious conduct" are scant. Because the amount of actual damages appears to be minimal, and there are no allegations of egregious misconduct, Defendant has failed to show that a reasonable jury could conclude that Plaintiff is entitled to punitive damages in an amount that is more than 2000 times the amount of Plaintiff's actual damages.

The Court finds that Defendant offers nothing but speculation that the total amount of damages, including punitive damages, would exceed $75,000. Speculation is insufficient to meet Defendant's burden of proof under the preponderance of the evidence standard. *Hill v. Ford Motor Co.*, 324 F. Supp. 2d 1028, 1036 (E.D. Mo. 2004) ("Speculation and belief that plaintiff's damages exceed [the amount in controversy] are insufficient to meet the defendant's burden of proof under [ ] the 'preponderance of evidence standard' "). Defendant has failed to show, by the preponderance of the evidence, that Plaintiff's damages exceed the jurisdictional requirement. *OnePoint Solutions, LLC*, 486 F.3d at 348 ("[W]hile punitive damages are included in the amount in controversy, the existence of the required amount must be supported by competent proof.").

10

The Court now turns to Reckitt Benckiser's argument regarding injunctive relief.   In his Petition, Plaintiff asks in his Prayer for Relief that Defendant be ordered to "cease and desist from its unlawful merchandising practices" (ECF No. 7 at 7). Defendant acknowledges that Plaintiff's claim for injunctive relief is vague and not fully explained, but it argues that Plaintiff appears to be asking that Reckitt Benckiser change its marketing and labeling language on Neuriva. It asserts that such changes would impose a significant case on the company. In support of its argument, Defendant submits the declaration of Joshua Jacobs, Legal Director of Reckitt Benckiser, who attests that reworking the product's labeling and new packaging would cost well over $75,000.

"In actions seeking declaratory or injunctive relief, the amount in controversy is measured by the value of the object of the litigation." *James Neff Kramper Fam. Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 833 (8th Cir. 2005) (quoting *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)). *See also Burns v. Massachusetts Mut. Life Ins. Co.*, 820 F.2d 246, 248 (8th Cir. 1987) ("The amount in controversy in a suit for injunctive relief is measured by the value to the plaintiff of the right sought to be enforced."). The Eighth Circuit has followed the "plaintiff's viewpoint" in determining whether the amount in controversy requirement in a removed diversity action is met. *See Smith v. Am.*

11

*States Preferred Ins. Co.*, 249 F.3d 812, 813–14 (8th Cir. 2001) ("Our own circuit precedent requires the district court to rely solely on the plaintiff's viewpoint in meeting the requisite amount."); *Burns*, 820 F.2d at 248 ("The amount in controversy in a suit for injunctive relief is measured by the value to the plaintiff of the right sought to be enforced."); *Massachusetts State Pharm. Ass'n v. Fed. Prescription Serv., Inc.*, 431 F.2d 130, 132 (8th Cir. 1970) ("The amount in controversy is tested by the value of the suit's intended benefit to the plaintiff."); *Price v. Cybertel Cellular Tel. Co.*, No. 4:06-CV-1640 FRB, 2007 WL 1445846, *2 (E.D. Mo. May 14, 2007) (holding that the Eighth Circuit follows the "plaintiff's viewpoint" in determining whether the amount in controversy requirement in a diversity action is met); *J.C. Corporate Mgmt., Inc. v. Resource Bank*, No. 4:05-CV-716 ERW, 2005 WL 2206086, *4 (E.D. Mo. Sept. 12, 2005) (same). *But c.f. Waters v. Ferrara Candy Co.*, 873 F.3d 633, 636 (8th Cir. 2017) (in case removed under the Class Action Fairness Act of 2005 ("CAFA"), the Court of Appeals wrote, "We need not resolve the issue of whether courts should apply the plaintiffs' viewpoint rule or the either viewpoint rule when determining the amount in controversy *under CAFA* because [the defendant] did not meet its burden under either rule.") (emphasis added).

In light of controlling case law, the Court declines to include in the amount in controversy Reckitt Benckiser's costs should an injunction be entered in this case. Plaintiff's prayer for injunctive relief, which Defendant admits is vague and non-specific, does not raise the amount in controversy above $75,000, so that this Court has federal diversity jurisdiction in this case.

Finally, in support of its argument that the jurisdictional amount has been met, Defendant points to the fact that Plaintiff refuses to sign a stipulation limiting his damages. Defendant asked Plaintiff to sign the stipulation after the case was removed. "It is axiomatic the court's jurisdiction is measured either at the time the action is commenced or [ ] at the time of removal." *Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 822 (8th Cir. 2011). That said, events occurring after removal "are not entirely irrelevant." *Id.* "Subsequent events may ... be relevant to prove the existence or nonexistence of diversity jurisdiction at the time of filing." *Scottsdale Ins. Co. v. Universal Crop Prot. All., LLC*, 620 F.3d 926, 931 (8th Cir. 2010). *See also Elliott v. Valvoline (Kentucky), LLC*, No. 4:18-CV-01341 AGF, 2018 WL 4853033, *2 (E.D. Mo. Oct. 5, 2018) ("affidavit limiting [the plaintiff's] damages, including attorneys' fees, to less than $75,000 serves to clarify the original pleading and establish to a legal certainty that the claim is for less than the requisite amount.") (quotation omitted); *McGuire v. J.B. Hunt Transp., Inc.*, No. 4:10-CV-746 MLM,

13

2010 WL 2399550, at *4 (E.D. Mo. June 10, 2010) ("A binding stipulation by affidavit or other binding declaration by plaintiff filed in both state and federal court stating that [plaintiff] does not seek, and will not ask for or accept an amount in damages in excess of $75,000.00, exclusive of interest and costs, protects both plaintiff and defendant and allows the court to find as a matter of law that the amount in controversy at the time of removal did not and does not exceed $75,000.00, exclusive of interest and costs.")).

To the extent Defendant is arguing that Plaintiff's refusal to sign the proposed stipulation is evidence that the amount in controversy is below the jurisdictional amount, Defendant's argument is not persuasive. Defendant did not ask Plaintiff to stipulate that the damages he seeks are $75,000 or less, rather Defendant asked Plaintiff to stipulate to the following:

> [T]hat the only damages [Plaintiff] seeks against Reckitt Benckiser in this action is and forever will be: $10,000 in statutory damages for a single violation of the MMPA, $29.67 in actual damages (not including applicable tax), and $53.50 in court costs/fees. Plaintiff irrevocably stipulates that total recovery will not exceed $75,000.
>
> [ ] Plaintiff agrees that he is not seeking injunctive relief, punitive damages, or any other relief against Reckitt Benckiser for the allegations raised in the Complaint.
> …
> [ ] Plaintiff agrees to the entry of an order by any court of competent jurisdiction placing an irrevocable cap upon the amount of damages that may be sought or awarded to Plaintiff under his claims against Reckitt Benckiser or any action against Reckitt Benckiser arising from the

14

allegations described in his Complaint. The cap shall be set at $11,000 excluding interest and costs.

[ ] Accordingly, the parties stipulate that Plaintiff is seeking less than $11,000 in damages and no other relief, including punitive damages or injunctive relief, such that the amount at issue falls below the federal jurisdictional requirement set forth in 28 U.S.C. § 1441(a) and (b).

(ECF No. 19, Ex. 4 at 2).

Plaintiff's refusal to sign a stipulation limiting his damages to $11,000 is not evidence that the amount in controversy in this case is more than $75,000. *Elliott*, 2018 WL 4853033, at *2; *McGuire*, 2010 WL 2399550, at *4. Stated another way, Plaintiff did not refuse to stipulate that the amount of damages he seeks is less than $75,000, which could be relevant and persuasive evidence. *Id.* But refusing to stipulate to damages that fall well short of the jurisdictional amount – more than $64,000 short – does not establish by a preponderance of the evidence that the amount in controversy in this case is more than $75,000.

That said, the Court does find it relevant that on the day this case was removed, believing Defendant had failed to file a timely response to his Petition, Plaintiff filed a motion asking that the state court enter default judgment against Defendant in the amount of $10,083.47. This evidence tends to show that the amount in controversy in this case does not meet the jurisdictional requirement for removal on the basis of diversity of citizenship.

## IV.  Conclusion

In sum, the Court finds federal subject matter jurisdiction under 28 U.S.C. § 1332 is lacking in this case. Defendant has not met its burden to show by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. Finding the Court lacks subject matter jurisdiction over this dispute, the Court remands the case to state court pursuant to 28 U.S.C. § 1447(c).

Plaintiff requests that the Court award him costs and actual expenses. Pursuant to 28 U.S.C. § 1447(c), an order remanding a case may require payment of just costs in the discretion of the district court. Under the facts of this case, and because Plaintiff failed to request a specific amount or provide any documentation thereof, the Court declines to award Plaintiff costs.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Daniel Human's Motion to Remand is **GRANTED**.   [ECF No. 8]

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court of St. Louis County, Missouri.

16

An appropriate Order of Remand will accompany this Opinion, Memorandum, and Order.

Dated this 31st day of July, 2026.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE